# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.: 2:08-CR-136 PS |
| | ) | |
| MARLON K. SPEARS | ) | |

## OPINION AND ORDER

The government alleges that Marlon Spears ran a substantial marijuana grow operation in the basement of his home in Hammond. The government discovered this when someone ratted Spears out to an FBI task force agent. After corroborating the tip, the agent got a search warrant which led to the recovery of a large quantity of marijuana plants in Spears' basement. Spears wants a *Franks* hearing claiming that the agent lied in the affidavit supporting the warrant. He also claims that the warrant lacks probable cause, and therefore the evidence should be suppressed. For the reasons stated below, both motions are denied.

## Background

On August 1, 2008, Agent Nicole Duncanson obtained a warrant to search for 714 Willow Court, Hammond, Indiana for controlled substances and United States currency. (DE 35, Ex. A.) In the affidavit, she relied on four sources of information: a confidential source; state troopers with experience in marijuana eradication; a trash pull; and the electricity usage at the premises. (*Id.*) According to the affidavit, the confidential source advised Agent Duncanson that the Defendant had a hydroponic marijuana grow operation in the basement, and that the piping outside the house routed from the operation. (*Id.*, Ex. A, at 4-5.) Agent Duncanson included that she conferred with two senior Indiana state troopers, who each have experience in

1

marijuana eradication. (*Id.*, Ex. A, at 5-6.) The troopers informed Agent Duncanson that marijuana grow operations are typically built indoors, and that it is common for such operations to discard stems of the marijuana plants. (*Id.*)

The affidavit states that during a trash pull on July 31, 2008, Agent Duncanson obtained the trash from the alley directly behind the Defendant's house. (*Id.*, Ex. A, at 6-7.) In the trash pull, Agent Duncanson found a stem that appeared to be from a marijuana plant, an aeration stone, and ten gray plastic circular discs. (*Id.*) Agent Duncanson alleges in the affidavit that the stone and plastic discs are often related to marijuana grow operations – the stone is used to impregnate water with carbon dioxide, and the discs are often found as waste from totes for the plants. (*Id.*) And finally, she states that the premises' average monthly energy usage for 2009 was between 1200-1300 kilowatts per month, while the normal usage of electricity of a residence that size was 500-650 kilowatts per month. (*Id.*, Ex. A, at 8.)

Agent Duncanson executed the search on August 6, 2008, where the agents found over 555 marijuana plants, 550 grams of processed and packaged marijuana, a rifle, and 700 rounds of ammunition. (DE 41, at 3.)

## Discussion

### I. The Defendant is not Entitled to a *Franks* Hearing

In *Franks v. Delaware*, 438 U.S. 154, 171 (1978), the U.S. Supreme Court held that a defendant is only entitled to an evidentiary hearing to challenge the material statements in an affidavit if the defendant "makes a ***substantial preliminary showing*** that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable

cause." *Id*. at 155-56 (emphasis added); *United States v. Merritt*, 361 F.3d 1005, 1010 (7th Cir. 2004). To be entitled to a *Franks* hearing, the Defendant must demonstrate: (1) that the search warrant affidavit contained erroneous information or a material omission; and (2) that the police officers either knew that the affidavit was false or recklessly disregarded the truth. *United States v. Amerson*, 185 F.3d 676, 688 (7th Cir. 1999); *United States v. Carlisle*, No. 1:07-CR-65, 2007 WL 67095, at *3 (N.D. Ind. Feb. 28, 2007). The defendant should accompany the allegations of falsehood or reckless disregard for the truth with "affidavits or sworn or otherwise reliable statements of witnesses." *Franks*, 438 U.S. at 171. Even if a defendant meets this difficult burden, a hearing must be granted only if the affidavit would have been insufficient to establish probable cause had it contained the correct or omitted information. *Id.*

The Defendant has not made the necessary showing to meet the high standard necessary to entitle him to a *Franks* hearing. Defendant first challenges the statements in the warrant related to electricity usage. In an affidavit signed by an investigator for the Defendant, the investigator states that he interviewed Karen Bruce, an employee of NIPSCO. According to the defense investigator's affidavit, Ms. Bruce stated that NIPSCO does not publicly disclose information about electricity use for a particular residence, that no NIPSCO employee communicated with police, and that NIPSCO does not report the normal usage of a residence for a particular size. (DE 43, at 4-5, Ex. A.) In an affidavit the Government filed, Ms. Bruce corrected the investigator's characterizations of her statements. (DE 50, at 4-6, Ex. 1.) Namely, Ms. Bruce points out that the investigator's conclusions related to NIPSCO's communications with law enforcement were overly broad, as NIPSCO has over 200 employees that could have communicated with the police, and there was no way of knowing that there was no

3

communication whatsoever. (*Id.*) Ms. Bruce also points out in her affidavit that the investigator made an error regarding electricity use by residence, stating that anyone can call NIPSCO and obtain a monthly usage.

Given the discrepancy between what the investigator and Ms. Bruce state regarding the electricity use at the premises, I cannot conclude that the Defendant made a substantial preliminary showing that Agent Duncanson's statements in the affidavit are false or a reckless disregard for the truth. In fact, I am more inclined to believe Agent Duncanson's statements as accurate, given that they are consistent with what Ms. Bruce testified to in her affidavit. They are further corroborated by documents obtained from NIPSCO, and submitted by the Government in response to the request for a *Franks* hearing, showing that the premises' electricity usage was consistent with what Duncanson said in her affidavit in support of the warrant. (DE 50, Ex. 2.) So the Defendant has failed to make the substantial showing of falsity necessary for a *Franks* hearing regarding electricity usage.

Defendant's challenge to the affidavit's information obtained from the confidential source also fails to make the substantial showing necessary to permit a *Franks* hearing. First, Defendant argues that the statement that the piping's connection to the marijuana growth operation was false because it would be "obvious that the sole purpose of the piping was for use in the home's air conditioning unit." (DE 43, at 5.) The Defendant provides no reason why this would be obvious, and Agent Duncanson's reliance on this statement is a far cry from a reckless disregard for the truth. The Defendant's pictures of the side of the house showing the piping fails to illustrate the falsity of the piping statements. As the Government noted, time passed between the search and when the pictures were taken, so the pictures the Defendant submitted as

evidence are unreliable. (DE 50, at 8.) Without a showing that the piping, at the time of the warrant, was clearly connected to an air conditioning unit, Agent Duncanson's reliance on this information does not constitute a reckless disregard for the truth.

The Defendant then argues that it would be "improbable" for the confidential source to possess knowledge of technical terms related to the hydroponic marijuana growth operation, alleging that Agent Duncanson inappropriately included the technical terminology. The Defendant's bare allegation that the confidential source may not have certain knowledge falls far short of the substantial showing of falsehood. The Defendant provides no evidence showing that the confidential source lacked technical knowledge of marijuana grow operations, failing the substantial showing requirement. And further, even if the confidential source lacked technical knowledge, Agent Duncanson would be justified in using her experience to explain the potential significance of the evidence for Judge Cherry to evaluate probable cause. The Defendant also claims that because the affidavit lacked details about the premises' interior, the confidential source was never in the basement. (DE 43, at 6.) Without any factual support for such an assertion, I am not persuaded that the omission was a reckless disregard for the truth.

Defendant makes another unsupported assumption when he says that the statements related to the aeration stone must be false. (DE 43, at 7.) The affidavit states that the trash pull recovered an aquarium bubble stone, also called an aeration stone. (DE 35, Ex. A, at 7.) It further states: "The aeration stone is used in the cultivation of marijuana by impregnating the water with Carbon Dioxide." (*Id*.) He claims that the statement that the aeration stone would be used in the cultivation of marijuana must be false because there is no proof of carbon dioxide.

Just because the trash pull did not produce carbon dioxide evidence does not mean that

5

the evidence about the aeration stone is somehow false or misleading. Agent Duncanson based the statement connecting the aeration stone to the growing of marijuana on her experience as well as the state troopers' considerable experience. Without evidence beyond Defendant's allegation, I cannot conclude that the Defendant has shown that this statement is false or a reckless disregard of the truth.

In sum, because the Defendant failed to make a substantial preliminary showing of falsehood or a reckless disregard of the truth regarding statements that affected the probable cause finding, I cannot permit a *Franks* hearing to challenge the warrant.

## II.  Probable Cause Existed to Support the Warrant to Search the Premises

The Defendant initially asserted and continues to argue that the affidavit failed to establish probable cause. However, I find that Magistrate Judge Cherry properly concluded that Agent Duncanson's warrant application and affidavit established probable cause to search the premises.

When the affidavit is the only source of probable cause presented to the judge for a search warrant, "the validity of the warrant rests solely on the strength of the affidavit." *United States v. Peck*, 317 F.3d 754, 755 (7th Cir. 2003). Probable cause exists when "based on the totality of the circumstances, the affidavit sets forth sufficient evidence to induce a reasonably prudent person to believe that a search will uncover evidence of a crime." *Id*. at 756; *see also United States v. Sidwell*, 440 F.3d 865, 868 (7th Cir. 2006). This Court, when reviewing the judge's finding of probable cause in the affidavit, accords the judge "great deference." *Illinois v. Gates*, 462 U.S. 213, 236 (1983). Under this standard, this Court will only assess whether the judge had a "'substantial basis for . . . conclud[ing]' that probable cause existed." *Id*. at 238

(quoting *Jones v. United States*, 362 U.S. 257, 271 (1960)).

The warrant in this case was plainly supported by probable cause. On July 23, 2008, the confidential source gave Agent Duncanson information to lead her to believe there may be a marijuana growing operation on the premises. After learning that the Defendant lives at the premises, Agent Duncanson discussed the information she learned with two state troopers with experience in these types of marijuana grow operations. They told her that when they have investigated indoor marijuana grow operations, it was common to discard marijuana plant stems. Following that discussion, Agent Duncanson conducted a trash pull on July 31, 2008, outside of the premises. The trash pull produced a fresh marijuana stem, an aeration stone, an aquarium heater, and ten plastic circular disks. And finally, she alleges that on the same day she received information from NIPSCO that indicated the premises' 2008 electricity usage was much higher than average, and in her experience at an amount consistent with the usage necessary for an indoor marijuana grow operation. These circumstances viewed as a whole would certainly lead a reasonable person to conclude that a search of the premises would produce evidence of a crime.

The Defendant claims that the warrant affidavit did not support a finding of probable cause because the Government does not provide information about the confidential source's reliability or the source's link to the Defendant; the affidavit does not link the trash items to the Defendant; and the affidavit does not establish that the stem found in the trash is in fact marijuana. (DE 35.) The last two items are easily dealt with. The affidavit *does* allege that stem was field tested and the results were positive for marijuana. (DE 35, Ex. A, at 7.) That all that is required. *United States v. Percival*, 756 F.2d 600, 605 (7th Cir. 1985) (upholding warrant where probable cause was supported by trash pull that produced traces of marijuana following a field

test). As for linking the trash that was actually pulled to the defendant's residence, the affidavit states that the trash was taken from the alley directly behind the home. (DE 35, Ex. A, at 6-7.) This is adequate to tie the trash to the home.

As for the Defendant's claim that the confidential source's information should not be given weight, further discussion is necessary. (DE 35, at 6.) Even an unreliable source can be used to establish probable cause if the totality of the circumstances indicates that the statements are credible. *United States v. Olson*, 408 F.3d 366, 370 (7th Cir. 2005); *United States v. Koerth*, 312 F.3d 862, 867-68 (7th Cir. 2002). The factors to consider in evaluating the confidential source's credibility are: (1) whether the informant personally observed the events; (2) the degree of detail shown in the informant's statements; (3) whether the police independently corroborated the information; (4) the interval of time between the events and application for a warrant; and (5) whether the informant appeared in person before the judicial officer who issued the warrant. *United States v. Mykytiuk*, 402 F.3d 773, 776 (7th Cir. 2005).

Taking these factors into consideration, the confidential source is credible. The affidavit contains detailed information about the inside of the house and the number of marijuana plants, so the confidential source has first-hand knowledge of the house, and the source gains credibility under the first and second factors. Agent Duncanson took on multiple investigations–the trash pull, discussions with state troopers, and the electricity inquiry–to confirm the confidential source's information, gaining credibility under the third factor. In fact, the information she obtained from the other investigations would be sufficient in themselves to establish probable cause. Though the Defendant contends that each item does not independently establish a marijuana grow operation at the premises, based on the totality of the circumstances, Agent

8

Duncanson collected enough evidence to support a finding of probable cause.

## III. The Good Faith Exception Applies

Even if I found that the affidavit does not establish probable cause for the seizure, Agent Duncanson carried out the search in good faith. Suppression of evidence obtained with a faulty warrant is only appropriate "if the officer lacked good faith in relying on an invalidated search warrant." *United States v. Sidwell*, 440 F.3d 865, 869 (7th Cir. 2006) (citing *United States v. Leon*, 468 U.S. 897, 920-22 (1984)). A decision to seek a warrant is prima facie evidence that a police officer was acting in good faith. *Id.* at 869. In order to rebut this prima facie evidence, a defendant must either (1) establish that the magistrate "wholly abandoned his judicial role" or (2) demonstrate that the affidavit was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Id*. at 869-70 (internal quotations and citations omitted). The Defendant has not sought to rebut the prima facie evidence of her good faith, and thus the good faith exception applies to uphold this warrant.

## Conclusion

The Court hereby **DENIES** the Defendant's motion for a *Franks* hearing and **DENIES** the Defendant's Motion to Suppress.

**SO ORDERED**.

ENTERED: July 28, 2009

s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT