**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.: 2:08-CR-136 PS |
| | ) | |
| MARLON K. SPEARS | ) | |

## OPINION AND ORDER

Defendant Marlon Spears filed a Motion to Suppress requesting a *Franks* hearing to challenge the veracity of the warrant. (DE 35.) I denied the Motion as well as the request for a *Franks* hearing. (DE 52.) Defendant then filed a Motion for Reconsideration of that decision. (DE 54.) For the following reasons, that motion is denied.

## Discussion

A motion to reconsider is appropriate where: "(1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in law since the submission of the issues to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court." *Orange v. Burge*, 451 F. Supp. 2d 957, 961 (N.D. Ill. 2006) (*citing Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). Motions for reconsideration are not "vehicles for 'rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion.'" *Gaskin v. Sharp Elecs. Corp.*, 2007 WL 2746876, at *2 (N.D. Ind. Sept. 18, 2007) (quoting *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996)). The disposition of a motion

1

for reconsideration is left to the discretion of the district court. *Billups v. Methodist Hosp. of Chicago*, 922 F.2d 1300, 1305 (7th Cir. 1991).

Mr. Spears' Motion for Reconsideration fails to provide a reason for reconsideration. His motion essentially retraces his prior claims relating to the information in the warrant, either restating arguments that I rejected in my opinion or making arguments that he could have made earlier.

### A. NIPSCO Affidavits

First, Mr. Spears claims that my decision misunderstood his argument for a *Franks* hearing as it relates to the information from NIPSCO. In the affidavit supporting the warrant, Agent Duncanson said the following:

> NIPSCO also reported that the normal usage of electricity for a residence of this size is 500-650 kilowatts per month. However, NIPSCO further reported the actual, average monthly usage for the year 2008 for The Premises was between 1200-1300 kilowatts.

(DE 35, Ex. A, at 8.) Mr. Spears says this is a lie. To support his assertion he provided an affidavit from his investigator. According to the investigator, he had spoken with Karen Bruce, a NIPSCO representative, who told him that NIPSCO does not disclose electricity usage without a subpoena. (DE 43, at 4-5, Ex. A.) So in Mr. Spears' mind, this makes Duncanson's above-quoted statement a lie. The Government then countered with an affidavit directly from Ms. Bruce herself. And in that affidavit, Ms. Bruce said that the defense investigator did "not completely and accurately summarize" the conversation that she had with him. (DE 50, Ex. 1, at 1.) She further stated that, "I advised Mr. Beaudouin [the defense investigator] that any member of the general public can call NIPSCO's customer service seeking the average annual monthly billing amount (which is based on the previous twelve months of electrical and/or gas usage) for

a particular residence, and NIPSCO will provide that information upon request – even without a subpoena." (DE 50, Ex. 1, at 1.)

So to try and show that the agent lied, Mr. Spears presented an affidavit from its investigator which characterized a conversation that he had with a NIPSCO representative. But the Government actually provided an affidavit directly from the horse's mouth, and she said that the defense investigator did not accurately summarize their conversation.[1] So I found – and continue to believe – that this is a far cry from what is needed to get a *Franks* hearing. Why would I rely on the defense investigator's characterization of what Ms. Bruce had to say when Ms. Bruce herself swore that the characterization was wrong? Ms. Bruce has no axe to grind. This simply isn't enough to establish a "substantial preliminary showing that a false statement" was made in support of a warrant. *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978).

In particular, Mr. Spears claims that Agent Duncanson lied in the affidavit when she said that "NIPSCO also reported that the normal usage of electricity for a residence of this size is 500-650 kilowatts per month." (DE 54, at 4-5.) He argues that Ms. Bruce's affidavit did not rebut his claim that this statement was false, and so a *Franks* hearing was warranted on this issue. (*Id.*) According to Mr. Spears, the problem with Bruce's affidavit is that it speaks in terms of "billing amounts" as opposed to electric usage. (DE 54, at 2.) This distinction is pretty meager. Ms. Bruce's statement indicates that the monthly billing amount and electrical and/or

---

[1] No case law indicates that I may not consider the Government's rebuttal when I determine if a *Franks* hearing is warranted. A fact pattern where it would be inappropriate to consider supplemental information from the Government would be where the court considers it for probable cause analysis. *United States v. Harris*, 464 F.3d 733, 736 (7th Cir. 2006). But that isn't a problem here, as I considered the Government's sur-reply and attachments only for the purpose of deciding whether a *Franks* hearing was necessary.

gas usage are linked.  And of course they are.  Billing amounts are based on usage.  The more electricity one uses, the higher the bill. So the discrepancy raised by the defense is a thin one.

What's more, Agent Duncanson's affidavit said that she got the information about electricity usage from "NIPSCO."  In other words, she was not specific as to who in particular at NIPSCO gave her the information.  As Ms. Bruce's affidavit noted, NIPSCO has roughly 200 Customer Service Representatives with access to computer records relating to electrical and/or gas usage.  (DE 50, Ex. 1, at 1.)  The agent's statement in the warrant affidavit regarding normal usage of electricity may have come from a source Ms. Bruce is unaware of.  So Mr. Spears has not made a substantial showing that this statement was false.  (*See* DE 52, at 3-4.)

Even if Mr. Spears met the substantial preliminary showing of falsity on this issue, it fell short of meeting the second requirement necessary for a *Franks* hearing.  Namely, Mr. Spears did not establish that the statement regarding the normal electricity usage was necessary to the probable cause finding.  (*See* DE 54, at 5.)  When considering the other information in the warrant – information from the confidential source, the state troopers working with Agent Duncanson, and the results of the trash pull – probable cause existed for the warrant independent of the NIPSCO information.  Mr. Spears' Motion for Reconsideration fails to demonstrate that it was an error to conclude otherwise.

   **B.**  **PVC Piping**

Mr. Spears also takes issue with my reasoning regarding the PVC piping.  (DE 54, at 7.) In his briefing on the motion to suppress, Mr. Spears submitted pictures he took of his house to show that there was no PVC piping.  (DE 43, Ex. B.)  I concluded previously that his offer of proof was insufficient because the pictures of the house he submitted were taken after Mr.

4

Spears' arrest and thus did not provide a substantial showing that there was no PVC piping at the time Agent Duncanson applied for the warrant. (DE 52, at 4-5.)

Mr. Spears now claims that I placed too high of a burden on him in stating that he needed to make a showing that the piping did not exist at the time Agent Duncanson got the warrant. (DE 54, at 5-6.) But he cites nothing in support of this assertion. His new argument fails to show that my conclusion patently misunderstood his argument or that my decision was in error. As a result, I continue to believe that Mr. Spears failed to make a substantial preliminary showing that the affidavit's statements regarding the PVC piping were false. (DE 52, at 4.)

Mr. Spears' motion for reconsideration goes farther, making two new arguments related to the PVC piping – arguments that are inappropriate for reconsideration because they were available in the initial motion to suppress briefing. *See Caisse Nationale*, 90 F.3d at 1270. But even if these arguments were proper, they would not change my decision. First, he claims that the picture Agent Duncanson submitted with the affidavit did not show PVC piping. (DE 54, at 7.) But that's neither here nor there. The picture was only attached to the warrant to help describe the property to be searched as is required by Federal Rule of Criminal Procedure 41(e)(2)(A). In addition, the picture was taken from the street. Mr. Spears makes no showing that Agent Duncanson should have been able to notice the lack of PVC piping from the street or from anywhere else that the agent may have legally stood while inspecting the home before obtaining the warrant. Finally, what the picture reveals or does not reveal is unimportant since the warrant's statements regarding the PVC piping were not based on pictures of the house, but instead on information from the confidential source. (DE 35, Ex. A, at 5.) And Mr. Spears has not made the required showing that Agent Duncanson knew or had reason to believe that those

statements were false. *See United States v. Jones*, 208 F.3d 603, 607 (7th Cir. 2000).

      **C.**      **Probable Cause**

Mr. Spears also takes issue with my decision regarding probable cause. Again, most of his arguments are a rehash of what he previously presented. In my decision, I found that Judge Cherry properly concluded that the warrant established probable cause. (DE 52, at 7.) The totality of the information presented in the warrant affidavit – confidential source information, the information about marijuana grow operations that Agent Duncanson learned from the state troopers, the results of the trash pull that included a fresh marijuana stem and items commonly used in marijuana grow operations, and the NIPSCO information – establish probable cause for the issuance of a warrant. (*Id.*)

Mr. Spears argues that the stem found in the trash cannot be considered a marijuana stem without a showing that the field test is reliable. (DE 54, at 9-10.) But as the Government points out, the only case he cites – *Waltman v. Payne*, 535 F.3d 347-48 (5th Cir. 2008) – does not hold that the Government needs to validate a field test for purposes of probable cause. As for his criticism of my conclusion that the items pulled from the trash were adequately tied to the Mr. Spears, he simply disagrees with the conclusion. (DE 54, at 8-9.) He argues that he knows of no Seventh Circuit holding supporting my conclusion, but cites no case law supporting his argument. He therefore provides no basis for reconsideration.

Mr. Spears goes on to restate his argument that the confidential source's statements are not credible and should not have contributed to the probable cause finding. (DE 54, at 9; DE 57, at 4.) In support, he argues that the affidavit only included generic information about the marijuana grow operation, and that it was unclear how I could conclude that the confidential

source had first-hand knowledge. But he ignores the reasons I gave in finding the source credible. (*See* DE 52, at 8-9.) Without acknowledging my line of reasoning, Mr. Spears hasn't provided any arguments that would warrant reconsideration.

He also specifically takes issue with the fact that Agent Duncanson's affidavit did not say *when* the CI observed the contraband in Mr. Spears' basement. (DE 54, at 10-11.) Mr. Spears claims that the timing is crucial to the probable cause analysis. To be sure, information that is stale can diminish probable cause. But the age of the information is less important in a case such as this one where the criminal activity occurs over a period of months. *United States v. Spry*, 190 F.3d 829, 836 (7th Cir. 1999) ("Passage of time is less critical when the affidavit refers to facts that indicate ongoing continuous criminal activity.") (citation omitted). As noted by the Government (DE 56, at 7), the marijuana grow operation, as described by the confidential source, included a large amount of equipment and "at least 100 marijuana plants," which would be difficult to move and would thus indicate ongoing criminal activity. (DE 35, Ex. A.) In any event, the trash pull produced items the confidential source stated were inside the house, indicating that the marijuana grow operation was still taking place at the time of the trash pull on July 31, 2008, just a day before Agent Duncanson applied for the warrant. (DE 35, Ex. A.) Mr. Spears brings up nothing to suggest that reconsideration is appropriate.

## Conclusion

Because Mr. Spears' motion fails to provide a reason to reconsider my Order denying the *Franks* hearing and concluding that the warrant did not lack probable cause, the Court hereby **DENIES** the Defendant's Motion for Reconsideration.

**SO ORDERED**.

ENTERED: September 15, 2009

                                            s/ Philip P. Simon
                                            PHILIP P. SIMON, JUDGE
                                            UNITED STATES DISTRICT COURT